SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**IMO Certificates of Nicholas Cilento (A-26-24) (089658)**

**Argued September 9, 2025 -- Decided December 9, 2025**

**PER CURIAM**

In this appeal, the Court considers whether the imposition of additional discipline by the New Jersey State Board of Examiners (Board) and the Commissioner of Education -- beyond the disciplinary suspension imposed by an arbitrator based on tenure charges -- violated principles of privity, comity, and due process, or the doctrines of res judicata and collateral estoppel.

The Woodbridge Township Board of Education brought tenure charges against petitioner Nicholas Cilento, a special education teacher, for consuming alcohol on school grounds. The arbitrator found that a three-month unpaid suspension and reinstatement on a "Last Chance Basis" was appropriate. Afterward, the Board found Cilento's conduct to be unbecoming of a teacher and issued a two-year suspension of his teaching certificate.

Cilento argued that the arbitrator's decision should be considered a final agency decision of the Department of Education, precluding any further discipline. The Commissioner upheld the Board's decision. On appeal, the Appellate Division affirmed, relying on the analysis and holding of Morison v. Willingboro Board of Education, 478 N.J. Super. 229 (App. Div.), certif. denied, 258 N.J. 143 (2024), an analogous case. The Court granted certification. 259 N.J. 503 (2025).

**HELD:** Like the Appellate Division, the Court sees no reason to depart from the detailed analysis and sound reasoning in Judge Sabatino's opinion in Morison.

1. Morison outlined, in detail, the two "distinct and dissimilar" statutory schemes at play -- one "to revoke or suspend an educator's certificate under N.J.S.A. 18A:6-38," and the other "to discipline a tenured educator under . . . N.J.S.A. 18A:6-10 to -18.1." 478 N.J. Super. at 246. The appellate court also found that because "the Board of Examiners was not a party to the arbitration," and "the School Board [was] not a party to the certificate proceedings," there was "no identity of [the] parties," and, therefore, no privity between the Board of Examiners and the local Board of Education. Id. at 245. The court thus held that "the doctrines of collateral estoppel

and res judicata do not bind the Board of Examiners." Ibid. The Morison court found that there was no procedural due process violation because the teacher was provided with notice and an opportunity to be heard. Id. at 247. Additionally, the Morison court found no substantive due process or fundamental fairness violations because "[t]he separate regulatory action of the Board of Examiners . . . does not amount to 'an egregious governmental abuse' . . . 'shock the conscience' . . . [or] offend 'judicial notions of fairness.'" Id. at 248. The court went on to find that the licensing scheme "ha[d] a clearly rational foundation, and its co-existence with the teacher tenure laws is complementary, not deleterious." Ibid. (pp. 5-6)

**AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in the Court's opinion.**

SUPREME COURT OF NEW JERSEY
A-26 September Term 2024
089658

In the Matter of
the Certificates of
Nicholas Cilento,
State Board of
Examiners, New
Jersey Department
of Education.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
|---|---|
| September 9, 2025 | December 9, 2025 |

Edward A. Cridge argued the cause for appellant
Nicholas Cilento (Mellk Cridge, attorneys; Arnold M.
Mellk, of counsel, and Edward A. Cridge, on the briefs).

Christopher Weber, Deputy Attorney General, argued the
cause for respondent New Jersey Commissioner of
Education (Matthew J. Platkin, Attorney General,
attorney; Donna S. Arons and Sookie Bae-Park, Assistant
Attorneys General, of counsel, and Christopher Weber
and Sadia Ahsanuddin, Deputy Attorneys General, on the
briefs).

Andrew L. Schwartz submitted a brief on behalf of
amicus curiae New Jersey Principals and Supervisors
Association (Schwartz Law Group, attorneys; Andrew L.
Schwartz, on the brief).

Richard A. Friedman submitted a brief on behalf of
amicus curiae New Jersey Education Association

1

(Zazzali, attorneys; Richard A. Friedman, of counsel and on the brief, and Wesley B. Friedman and Raymond M. Baldino, on the brief).

PER CURIAM

In this case, the New Jersey State Board of Examiners (Board) and Commissioner of Education suspended petitioner Nicholas Cilento's teaching certificate for two years after an arbitrator issued a three-month disciplinary suspension on the same record.  Cilento challenged the Board's imposition of additional discipline as violative of principles of privity, comity, and due process, as well as the doctrines of res judicata and collateral estoppel.  The Appellate Division rejected Cilento's challenge, relying on the detailed analysis and sound reasoning set forth in Morison v. Willingboro Board of Education, 478 N.J. Super. 229 (App. Div.), certif. denied, 258 N.J. 143 (2024), an analogous case.[1]

We granted Cilento's petition for certification, 259 N.J. 503 (2025), and now affirm.  We agree both with the judgment reached by the Appellate

---

[1] We are unpersuaded by Cilento's attempt to distinguish Morison on the basis that no final agency decision as to licensure had been reached in that case. The fact that Morison involved an anticipatory challenge seeking to enjoin an action, whereas this case presents a retrospective challenge seeking to overturn an action, does not affect the analysis of the action's permissibility.

Division here and with the analysis set forth in Judge Sabatino's comprehensive and well-reasoned opinion in <u>Morison</u>.

I.

On May 21, 2019, Cilento was relieved of his responsibilities as a special education teacher employed by the Woodbridge Township School District on the ground that he had consumed alcohol on school premises.

In October 2019, the Woodbridge Township Board of Education (Woodbridge BOE) certified tenure charges against Cilento, alleging that, on May 20 and 21, he engaged in unbecoming conduct that violated: standards of professional behavior; state and municipal law; and district policy; as well as an additional tenure charge for a pattern or course of unbecoming conduct over time. Following a hearing where Cilento admitted to struggling with alcoholism for years and consuming alcohol on school grounds, an arbitrator determined on December 5, 2020, that the Woodbridge BOE had met its burden of proving the allegations in all charges but the last. The arbitrator found that Cilento's conduct provided just cause for discipline but not dismissal and determined that a three-month unpaid suspension and reinstatement on a "Last Chance Basis" was appropriate.

On March 3, 2021, the Board issued an Order to Show Cause (OSC) as to "why [Cilento's] teaching certificate(s) . . . should not be

3

revoked/suspended." The Board based the OSC on the same facts at issue in the tenure proceeding. Cilento argued that the arbitrator's decision should be considered a final agency decision of the Department of Education, precluding any further discipline.

The Board found Cilento's conduct to be unbecoming of a teacher and issued a two-year suspension of his teaching certificate. The Board further concluded that, as a separate body that "applies its own, independent decision as to whether the specific conduct established in the tenure proceedings warrants action on an educator's teaching certificates," the Board was authorized to exercise its distinct authority pursuant to an independent statutory scheme related to the appropriateness of statewide teacher certification, N.J.S.A. 18A:6-38 to -39.

Pursuant to N.J.S.A. 18A:6-38.4, Cilento appealed the Board's decision to the Commissioner of Education. The Commissioner upheld the Board's determination, finding that "the Board [was] not constrained by the Arbitrator's penalty determination" because it was not a party to the arbitration proceeding, which had been conducted pursuant to a distinct statutory scheme, N.J.S.A. 18A:6-17.1. Those two decisions by the arbitrator and the Board, according to the Commissioner, were the result of "separate proceedings

4

undertaken for different purposes." Cilento appealed the Commissioner's decision to the Appellate Division.

## II.

While this appeal was pending, the Appellate Division decided Morison, which presented the exact issue that Cilento raises here: whether "a tenure arbitrator's determination of discipline through the procedures set forth in N.J.S.A. 18A:6-17.1 prevents the State Board of Examiners and Commissioner from imposing a more severe sanction of suspending or revoking the licensee's certificate to teach within this State, under the procedures set forth in N.J.S.A. 18A:6-38 to -39." 478 N.J. Super. at 234-35.

The Appellate Division rejected Morison's claim that the Board of Examiners should be precluded from attempting to revoke or suspend a teacher's certificate after the tenure case has been arbitrated. Id. at 235. The court outlined, in detail, the two "distinct and dissimilar" statutory schemes at play -- one "to revoke or suspend an educator's certificate under N.J.S.A. 18A:6-38," and the other "to discipline a tenured educator under . . . N.J.S.A. 18A:6-10 to -18.1." Id. at 246. The court found that the "stakes" of the two proceedings "are different": "[t]he tenure case encompassed only appellant's employment status in the school district, whereas the certificate proceedings concern appellant's ability to teach at any public school in the state." Ibid.

5

The court additionally found that "both processes have major differences," from the initial screening, to the role and selection of decisionmakers, to the review of determinations. Ibid.

The appellate court also found that because "the Board of Examiners was not a party to the arbitration" and "the School Board [was] not a party to the certificate proceedings," there was "no identity of [the] parties" and, therefore, no privity between the Board of Examiners and the local Board of Education. Id. at 245. The court thus held that "the doctrines of collateral estoppel and res judicata do not bind the Board of Examiners." Ibid.

The teacher in Morison, like Cilento in this appeal, also challenged the Board of Examiners' decision on due process grounds. The Morison court found that there was no procedural due process violation because the teacher was provided with notice and an opportunity to be heard. Id. at 247. Additionally, the Morison court found no substantive due process or fundamental fairness violations because "[t]he separate regulatory action of the Board of Examiners . . . does not amount to 'an egregious governmental abuse' . . . 'shock the conscience' . . . [or] offend 'judicial notions of fairness.'" Id. at 248. The court went on to find that the licensing scheme "has a clearly rational foundation, and its co-existence with the teacher tenure laws is complementary, not deleterious." Ibid.

6

III.

Like the appellate court here, we "see no basis to deviate from" <u>Morison</u>.

Accordingly, we affirm the judgment of the Appellate Division.


CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in the Court's opinion.